IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMAAL MAYES, PRO SE, § <br> A.K.A. JAMAAL DONTE MAYES, § <br> TDCJ-CID #1336458, § <br> § <br> Plaintiff, § <br> § <br> v. §     2:06-CV-0081 <br> § <br> TOM LESLY, § <br> § <br> Defendant. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JAMAAL MAYES, a.k.a. JAMAAL DONTE MAYES, acting *pro se*, has filed suit pursuant to Title 42, United States Code, section 1983 challenging his parole revocation and alleging he received insufficient counsel from the defendant.

Upon reviewing plaintiff's complaint, and before assessing a filing fee, the Court issued an Order to Show Cause in which the Court observed plaintiff appeared to have misfiled a petition for writ of habeas corpus because the sole relief requested was reversal of his probation revocation. Plaintiff was ordered to respond by stating whether it was his intent to file a habeas action or a civil rights complaint and, if he wished to pursue a habeas claim, to state whether he had first exhausted available state remedies.

By his November 22, 2006 response, plaintiff informs the Court he wishes to pursue his civil rights action and does not address the issue of exhaustion of state remedies.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by the defendant.

## THE LAW AND ANALYSIS

The Court has attempted to steer plaintiff into the course which appears most productive for plaintiff and has indicated to plaintiff the action prerequisite to relief.  Nevertheless, plaintiff has made clear that he wishes to pursue a civil rights action; and plaintiff is still the master of his complaint.  *Davis v. Scott*, 157 F.3d 1003, 1005-1006 (5th Cir. 1998)(plaintiff remains the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim).  By his November 22nd Response, plaintiff adds that, because he was found not guilty on the criminal charge giving rise to review of his probation, "he [presumably, the defendant] violated [plaintiff's] rights and [plaintiff is] being confined wrongly."

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

At best, plaintiff has presented a mix petition to the Court. If a section 1983 complaint is mixed, that is, if it contains both habeas and section 1983 claims, the district court should separate the claims and decide the section 1983 claims. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). Plaintiff's requested relief in the form of reversal of the "case" is not available through civil rights but must be pursued through writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Moreover, any section 1983 claim attacking the constitutionality of plaintiff's parole revocation would not accrue until the parole revocation has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Plaintiff's requested relief reveals he cannot plead the requisite favorable termination.

Lastly, to the extent plaintiff seeks to sue his attorney, plaintiff has failed to allege any fact showing the defendant was acting under color of state law. If attorney LESLY was retained counsel, he was not acting under color of state law. *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). Alternatively, assuming attorney LESLY was court-appointed defense counsel, this fact does not supply the required state action. *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983), *cert. denied*, 472 U.S. 1030, 105 S.Ct. 3507, 87 L.Ed.2d 637 (1985); *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (*per curiam*).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JAMAAL MAYES, a.k.a. JAMAAL DONTE MAYES, is DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET, *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Plaintiff's claims sounding in habeas corpus are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  29th  day of November, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

4